## (October 29, 1971)

In the Matter of MORDECAI BRESSLER, Appellant, v. JOHN E. HOLT-HARRIS, JR., et al., Respondents.— Appeal from a judgment of the Supreme Court in favor of respondents, entered October 27, 1971 in Albany County, in a proceeding under section 331 of the Election Law, denying petitioner's application to strike respondent Holt-Harris' name as a qualified voter from the registry of voters for the City of Albany. After investigation and a hearing, the Albany County Board of Elections decided that said respondent was qualified to remain registered from 121 South Lake Avenue in said city. The board's decision is deemed presumptive evidence of Holt-Harris' residence for voting purposes (Election Law, § 151, subd. [c]) and, in view of the proof at Trial Term showing, among other things, a continuity of conduct on the part of said respondent for many years evincing an intention to be and remain a resident of the City of Albany (see *Matter of Newcomb*, 192 N. Y. 238, 250–252), most recently at the South Lake Avenue address, as well as a continuous voting record from said address for several years last past, appellant has not sustained his burden of overcoming said presumption and Trial Term had the right to find as it did (see *Matter of Gladwin* v. *Power*, 14 N Y 2d 771; *Matter of Chance* v. *Power*, 10 N Y 2d 792; *Matter of Meehan* v. *Lomenzo*, 34 A D 2d 1024, affd. 27 N Y 2d 600). Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke and Sweeney, JJ., concur; Simons, J., dissents, and votes to reverse and grant the petition, in the following memorandum: It has always been held that a person may have only one domicile. He may not maintain a voting residence separate from his intended abode (*Matter of Davy* [*Denton*], 281 App. Div. 137). Section 151 of the Election Law was amended this year to provide in subdivision (b) that "residence" means a place where a person maintains a fixed, permanent and principal home to which he always intends to return. In view of this it would seem futile to argue that a one-room walk-up with bath in which the tenant rarely, if ever, sleeps or eats and only occasionally visits is more a legal residence than a two-story house on a three-acre plot where he and his wife have regularly eaten, slept and lived since 1949. Nevertheless that is precisely what the court decides here and the effect of this decision is to ignore the clear language of the statute. Regardless of what our decision may have been

under prior case law, the amendment to section 151 of the Election Law was intended to and did narrow the definition of residence and make it less dependent upon the subjective concept of intention (cf. *Matter of Newcomb*, 192 N. Y. 238) and more dependent on objective factors consistent with the statutory definition. The facts are simple enough. The respondent Holt-Harris and his wife presently own a one-family house on three acres of land in McKownville, Town of Guilderland. They bought the land in 1948 and built on it in 1949. They have maintained their family there ever since. Their two children grew up there. That address is listed in various directories as Holt-Harris' residence and is the mailing address listed on many of his documents and papers. To anyone but a lawyer the McKownville house unquestionably is his residence. Holt-Harris practices law in the City of Albany. He grew up there and lived in the city continuously, except for military service, until he took his family to McKownville in 1949. He is actively engaged in charitable, social and political matters in Albany. His life revolves around his home in McKownville, his Albany office and his civic interests. The various apartments he has maintained in Albany since 1950 have no intimate connection with his life. They have served to meet the prior broadly applied requirements of legal residence to enable him to run for elective office. Thus, his location at 121 South Lake Avenue has been rented for about seven years, first on a lease, lately on a month-to-month basis with his law firm paying the rent. The apartment is a furnished studio apartment with bath. He keeps some clothes and toiletries there; he remembers sleeping there once when his family was visiting the Bahamas. His wife has visited the apartment but neither his wife nor children have ever used it. He remembers eating there once in the fall and his political mail is delivered there. This, the majority says, is his residence — the fixed, permanent, principal home to which he always intends to return. To make that finding they rely upon the fact that Holt-Harris' intention has always been to make Albany his home and is evidenced by his various rented apartments and his community activities. No one doubts his interest in the affairs of the metropolitan Albany area, but the plain fact is that he is a commuter who resides outside the city. Many a suburbanite can point to equal community involvement and many a bona fide city dweller to less, but neither's legal residence is affected by that fact. The renting of various apartments is a visible manifestation available to those of means to support their expressed intent, but the respondent Holt-Harris has never established a home as such at any of his apartments after 1949. They were transparently set up to maintain a voting residence without any *animus manendi*. If the new statute means anything it means and expressly says in subdivision (c) that factors other than expressed intent should be considered in determining residence. The evidence produced has overcome the presumption of residence arising upon the board's determination. The judgment should be reversed and the petition granted.