(August 22, 1984)

■ ALBERT LEMISHOW, Appellant, v ROBERT S. BLACK et al., Constituting the Board of Elections in the City of New York, Respondents, and JOHN TATAR et al., Respondents-Respondents. — In a proceeding to invalidate a petition, *inter alia,* designating John Tatar and Helen Donovan as candidates for the Republican Party positions of State Committeeman and State Committeewoman, respectively, from the 28th Assembly District and

designating various persons as candidates for the party positions of members of the County Committee for the Republican Party of Queens County from various election districts in the 28th Assembly District, in the Republican Party primary election to be held on September 11, 1984, the appeal is from a judgment of the Supreme Court, Queens County (Goldstein, J.), dated August 14, 1984, which dismissed the application.

Judgment modified, on the law, by granting so much of the application as sought to invalidate the petition designating John Tatar and Helen Donovan as candidates for the party positions of State Committeeman and State Committeewoman for the 28th Assembly District, and the Board of Elections is directed to remove the names of John Tatar and Helen Donovan from the appropriate ballot. As so modified, judgment affirmed, without costs or disbursements.

In the instant proceeding, the petitioner seeks, *inter alia,* to invalidate the petition designating John Tatar as Republic State Committeeman and Helen Donovan as Republican State Committeewoman for the 28th Assembly District on the ground that Tatar, who was the subscribing witness on 77 of the 85 sheets of paper constituting the nominating petition, erroneously indicated his address as 147-10 76th Avenue in the 28th Assembly District in the City of New York in the County of Queens. Special Term dismissed the application.

Subdivision 2 of section 6-132 of the Election Law requires that a subscribing witness state his residence. "Residence" is defined in subdivision 22 of section 1-104 of the Election Law as "that place where a person maintains a fixed, permanent and principal home to which he, wherever temporarily located, always intends to return" (see, also, *Matter of Palla v Suffolk County Bd. of Elections,* 31 NY2d 36; *Matter of Rooney,* 172 App Div 274). The evidence adduced at the hearing held in connection with this proceeding establishes unequivocally that John Tatar was not a resident of 147-10 76th Avenue in the 28th Assembly District, the address set forth in the petition, but was instead a resident of 155-44 Lahn Street in the 32nd Assembly District. At the hearing, Tatar and Mr. and Mrs. Peter Calfo testified. Tatar admitted that he lived at 155-44 Lahn Street and produced his driver's license and automobile registration, evidencing his residence at that address. He admitted that he did not presently reside at 147-10 76th Avenue, which was the address of an apartment occupied by Mr. and Mrs. Peter Calfo, nor anywhere else in the 28th Assembly District. The evidence at the hearing further established that Tatar had never slept or eaten at 147-10 76th Avenue nor had he kept any clothes there.

The only connection that Tatar had with that apartment was that he had received mail at the address for a period commencing about one or two weeks prior to the hearing, and that, on July 3, 1984, he had changed his place of party enrollment to that address. Thus, Tatar's subscribing witness statement that "I now reside at 147-10 76 Ave which is in the * * * 28th Assembly District in the City of New York in the County of Queens" was false and renders the petition designating him and Helen Donovan as candidates for the Republican Party positions of State Committeeman and State Committeewoman, respectively, invalid (see *Matter of Boyarsky v Cohen,* 289 NY 630; *Matter of Crosbie v Cohen,* 281 NY 329; *Matter of Brownell v Cohen,* 262 NY 707; *Matter of Lerner v Cohen,* 262 NY 450; *Goldfeder v Heffernan,* 99 NYS2d 959).

Further, we are dismissing so much of the application as sought to invalidate the candidacies of those individuals seeking election as members of the County Committee, inasmuch as those individuals were not served and inasmuch as the offices involved (i.e., County Committee on the one hand and State Committeeman and State Committeewoman on the other hand) are distinct (see *Matter of Amalfitano v Sadowski,* 51 NY2d 719; *Matter of Livreri v Gargiulo,* 49 NY2d 832; *Matter of Greenspan v O'Rourke,* 27 NY2d 846; *Matter of McGoey v Black,* 100 AD2d 635; *Matter of Miranda v Erie County Bd. of Elections,* 59 AD2d 643). Bracken, J. P., O'Connor, Brown, Boyers and Eiber, JJ., concur.