opinion of the court
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 The Appellate Division correctly concluded, on the basis of the evidence recited by it in its memorandum as well as the acknowledgment by the subscribing witness Tatar himself, that the address inserted by him in his statement of residence on the pages of the designating petition was not in fact his place of residence. That being so, the petition, which did not satisfy the requirement of subdivision 2 of section 6-132 of the Election Law that the subscribing witness’s place of residence be included, was properly invalidated
 
 (Matter of Frome v Board of Elections,
 
 57 NY2d 741).
 

 The circumstance that the State Board of Elections had issued an opinion that, inasmuch as there had been a reapportionment in 1982, candidates for election as State Committeemen in 1984 need only be residents of the appropriate county (New York State Board of Election, Opn No. 3/1984) and the fact that in reliance thereon Tatar had transferred his enrollment to the address stated on the petition with the hope of becoming a candidate for membership in the State Committee of his party from the assembly district in which that address was located did not serve to validate the designation of that address as his residence in his subscribing witness’s statement on the designating petition.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order affirmed, without costs, in a memorandum.