■ In the Matter of Edwin Ramos et al., Appellants-Respondents, v Olga Gomez, Respondent-Appellant, et al., Respondents. [601 NYS2d 343] —In a proceeding to invalidate a petition designating Olga Gomez and Raul Octtaviani as candidates in a primary election to be held on September 14, 1993, for the Republican Party positions of Female Member and Male Member, respectively, of the Republican State Committee from the 51st Assembly District, the appeal is from so much of a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated August 13, 1993, as, after a hearing, denied the application with respect to Raul Octtaviani, and Olga Gomez cross-appeals from so much of the same judgment as invalidated the designating petition with respect to her candidacy.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the designating petition with respect to Raul Octtaviani is invalidated, and the Board of Elections of the City of New York is directed to remove the name of Raul Octtaviani from the appropriate ballot; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from, without costs or disbursements.

In this proceeding, the petitioners seek, *inter alia,* to invalidate the petition designating Olga Gomez and Raul Octtaviani as candidates for the Republican Party positions of Female Member and Male Member of the Republican State Committee from the 51st Assembly District, on the ground, among other things, that Gomez, who was a subscribing witness on 38 of the 69 sheets of paper constituting the designating petition, falsely stated her address as 460 7th Avenue in the 51st

Assembly District in Kings County. The Supreme Court granted the application to the extent of invalidating the designating petition with respect to Gomez's candidacy. We reverse so much of the judgment as failed to invalidate the petition designating Octtaviani as a candidate.

The above facts are similar to those of *Lemishow v Black* (104 AD2d 460, *affd* 63 NY2d 684). The evidence adduced at the hearing held in connection with this proceeding established unequivocally that Olga Gomez was not a resident of 460 7th Avenue, Brooklyn, but instead resided at 7420 Ridge Boulevard in Brooklyn. Although Gomez owns the 7th Avenue property, the cellar space in which Gomez claimed to reside was accessible to the building's tenants for storage purposes. The Supreme Court found that there were no business pursuits from that address, no bills for utilities, no telephone, and there was no testimony other than from Gomez that anyone resided in the cellar. The evidence established that her Ridge Boulevard apartment was where she resided with her spouse, children, and mother, the place from which her children attended school, and the center of her social and other contacts. Thus, Gomez's subscribing witness statement that "I now reside at 460 7th Ave which is in the * * * 51st Assembly District in the City of New York, in the County of Kings," was false and renders the petition designating her and Raul Octtaviani as candidates for the Republican Party positions of Members of the Republican State Committee invalid *(see, Lemishow v Black, supra; Matter of Boyarsky v Cohen,* 289 NY 630; *Matter of Crosbie v Cohen,* 281 NY 329). The contention of Gomez and Octtaviani that the entire designating petition need not be invalidated because Gomez falsely stated her residence is without merit *(see, Owens v Sharpton,* 45 NY2d 794).

In view of our determination, we need not reach the remaining contentions of the parties. Bracken, J. P., Rosenblatt, Miller, Ritter and Copertino, JJ., concur.