■ In the Matter of Thomas E. Isabella, Appellant, v Majorie A. Hotaling et al., Constituting the Schenectady County Board of Elections, et al., Respondents. (And Another Related Proceeding.) [615 NYS2d 945] —Per Curiam. (1) Cross appeals from an order of the Supreme Court (Lynch, J.), entered August 10, 1994 in Schenectady County, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating

---

petition naming respondent Anthony N. Piscitelli as the Conservative Party candidate for the office of Schenectady County Clerk in the September 13, 1994 primary election, and (2) appeal from an order of said court, entered August 12, 1994 in Schenectady County, which, upon reargument, adhered to its prior decision.

Thomas E. Isabella commenced a proceeding, pursuant to Election Law § 16-102 (2), seeking to invalidate the Conservative Party designating petition naming Anthony J. Piscitelli as a candidate for the office of Schenectady County Clerk. In response, Piscitelli commenced a separate proceeding seeking a declaration that his designating petition is valid. Supreme Court, after a full evidentiary hearing, dismissed both petitions without reaching the merits, finding that neither Isabella nor Piscitelli had complied with CPLR 304. Isabella's subsequent motion for reargument was granted but, upon reargument, the court adhered to its prior decision. These appeals ensued.

We begin by noting that the filing requirements set forth in CPLR 304, as opposed to the various time periods contained in the new commencement-by-filing statutes enacted by the Laws of 1992 (ch 216) *(see, Matter of Barbarite v Hill,* 197 AD2d 740), do apply to Election Law proceedings *(see, Matter of Zicari v Stewart,* 207 AD2d 951). We nevertheless conclude that Supreme Court erred in dismissing Isabella's invalidation petition without reaching the merits. As the record indecates, Piscitelli never answered Isabella's invalidation petition nor did he make any motions with respect thereto; only the Schenectady County Board of Elections (hereinafter Board) answered, raising two affirmative defenses not related to whether Isabella appropriately, and therefore timely, filed/commenced his invalidation proceeding. We therefore find that because Piscitelli neither moved to dismiss the invalidation petition nor raised such an objection in a responsive pleading, Piscitelli has waived any objection as to the timely commencement of Isabella's invalidation petition *(see,* CPLR 3211 [a] [5]; [e]). Under such circumstances, Supreme Court lacked the authority to go beyond the face of the pleadings and *sua sponte* examine such details.

Having so concluded, we shall proceed to consider the merits of Isabella's invalidation petition, as the full record is before us and the parties have addressed the merits in their briefs *(see, Meraner v Albany Med. Ctr.,* 199 AD2d 740, 741-742).

Election Law § 6-132 (2) provides, *inter alia*, that each sheet of a designating petition be witnessed and the residence of said witness must be set forth. While the Election Law equates residence with domicile *(see, Auerbach v Rettaliata,* 765 F2d 350, 351; *Matter of Markowitz v Gumbs,* 122 AD2d 906, 907, *lv denied* 68 NY2d 605), it does not preclude a person from having two residences and choosing one for election purposes provided he or she has "legitimate, significant and continuing attachments" to that residence *(Matter of Ferguson v McNab,* 60 NY2d 598, 600).

Pages 1 and 12 of Piscitelli's designating petition were witnessed by Rocco Verrigni, who listed his address as 150½ Front Street in Schenectady. Predicated on Verrigni's testimony, however, we find that Verrigni was not a resident of 150½ Front Street for the purposes of the Election Law *(see,* Election Law § 1-104 [22]) since he did not have significant and continuing attachments to that residence *(see, Matter of Ramos v Gomez,* 196 AD2d 620). Consequently, the 11 remaining signatures* on those pages of Piscitelli's designating petition that Verrigni witnessed are invalid *(see, Matter of Lemishow v Black,* 63 NY2d 684, 685). Likewise, Verrigni's own signature on page 6 of Piscitelli's designating petition is also invalid *(see, Matter of Liepshutz v Palmateer,* 65 NY2d 965).

It is undisputed that Piscitelli needed 101 valid signatures on his designating petition. His original petition contained 121 signatures. The Board previously invalidated 20 signatures, leaving 101. We have now invalidated 12 more signatures on Piscitelli's designating petition. Thus, even if we were to reach the merits of Piscitelli's validation petition and restore the three signatures he now maintains were improperly invalidated by the Board, his designating petition would still lack the requisite 101 valid signatures. Hence, Piscitelli's designating petition is invalidated.

Cardona, P. J., White, Casey, Weiss and Peters, JJ., concur. Ordered that the orders are modified, on the law, without costs, by granting the invalidation petition of Thomas E. Isabella and invalidating the designating petition naming Anthony J. Piscitelli as the Conservative Party candidate for the office of Schenectady County Clerk in the September 13, 1994 primary election, and, as so modified, affirmed.

■ In the Matter of ANNA PASCAZI, Respondent, v NEW

---

* Three other signatures on pages 1 and 12 were already invalidated by the Board.