[621 NYS2d 399]

In the Matter of M. JOHN HOSLEY, JR., Appellant, v JAMES T. CURRY, Individually and as Hamilton County District Attorney, Respondent.

Third Department, January 5, 1995

APPEARANCES OF COUNSEL

*Lustberg & Ferretti,* Glens Falls *(Joan M. Ferretti* of counsel), for appellant.

*Michael L. Breen,* Middleburgh, for respondent.

## OPINION OF THE COURT

PETERS, J.

The primary issue raised on appeal is whether respondent meets the constitutional test of residency such that he qualifies to serve as the Hamilton County District Attorney. Respondent was raised in the Town of Indian Lake, Hamilton County, and was first elected Hamilton County District Attorney in 1981. He resigned in 1985 and moved to Rensselaer County, but continued to vote in Hamilton County. Returning to Hamilton County in 1989, respondent rented a home in the community of Blue Mountain Lake, changing his voter registration from Indian Lake to Blue Mountain Lake. In 1990, respondent and his wife purchased a home in Warren County and began to reside there with their daughter. Wishing to maintain a presence in Hamilton County, respondent changed his voter registration from Blue Mountain Lake to his mother's residence in Indian Lake and continued to vote in Hamilton County, despite his residence and law office being located in Warren County. From 1976 through 1990, respondent and his mother jointly owned the home in Indian Lake. In 1990, his mother deeded the house to him, subject to her life tenancy. Acknowledging that he neither pays expenses nor maintains personal items at the Indian Lake house other than some clothing, a toothbrush, his shaving kit and books, respondent testified that he occasionally stays overnight at the Indian Lake house, depending upon the needs of his mother.

Supreme Court found that respondent's continued association with his mother's house over the years is strong evidence of his intent to maintain that home as his permanent residence for all purposes. The court concluded that petitioner had not met the burden of proof necessary to declare that respondent was a nonresident of Hamilton County. Petitioner

contends that respondent's Indian Lake address is neither his domicile as set forth in the Public Officers Law (§ 3 [1]; § 30 [1] [d]; *see,* 1974 Opns Atty Gen 213; *see also, Matter of Aiello v Power,* 9 Misc 2d 523, *affd* 4 AD2d 833, *affd* 3 NY2d 892) nor that place where he "maintains a fixed, permanent and principal home and to which he, wherever temporarily located, always intends to return" (Election Law § 1-104 [22]). We agree.

The Election Law and the Public Officers Law equate residence with domicile *(Matter of Palla v Suffolk County Bd. of Elections,* 31 NY2d 36; *Matter of Isabella v Hotaling,* 207 AD2d 648, *lv denied* 84 NY2d 801; *Matter of Markowitz v Gumbs,* 122 AD2d 906, *lv denied* 68 NY2d 605; *Matter of Contento v Kohinke,* 42 AD2d 1025, *lv denied* 33 NY2d 520). While an individual is not precluded from having two residences and may choose one for purposes of voting or public office provided there are legitimate, significant and continuing attachments to the dwelling *(see, Matter of Ferguson v McNab,* 60 NY2d 598, 600; *Matter of Isabella v Hotaling, supra),* one cannot create an address solely for purposes of holding public office in circumvention of residency requirements *(see, Matter of Ramos v Gomez,* 196 AD2d 620; *Lemishow v Black,* 104 AD2d 460, *affd* 63 NY2d 684).

In establishing a domicile, there must be a present, definite, honest purpose and intention to give up the old and take up the new as well as genuine action establishing the new as a fixed and permanent home—an actual residence *(see, Matter of Newcomb,* 192 NY 238; *Matter of Larkin v Herbert,* 185 AD2d 607). Acknowledging that the resolution of this issue is within the province of the hearing court as the finder of fact *(see, Matter of Markowitz v Gumbs, supra,* at 907) and that the essential facts in this matter are undisputed, we find that Supreme Court's conclusion could not be reached under any fair interpretation of the evidence.

Key to respondent's domicile is the location of the principal home where he actually lives. All normal indices demonstrate that respondent's home is in Warren County where his daughter attends school and where he carries on the normal, daily activities of home life. He receives all his bills and correspondence at his Warren County address. His occasional overnight sojourns to his mother's house, together with limited usage of

the house as a mailing address[1] and voter registration, are insufficient to establish domicile at Indian Lake in Hamilton County (see, Matter of Berman v Weinstein, 64 AD2d 940, lv denied 45 NY2d 707; Matter of Contento v Kohinke, supra; see also, Election Law § 5-104 [2]).[2] An individual is not permitted to live in one locality for the purposes of comfort, community and home life, and yet have a separate and distinct address of convenience for political office. Accordingly, we find that respondent's use of his mother's address has all the appearances of being contrived. The physical manifestations of residency in Indian Lake are surrounded with an aura of sham (see, Matter of Gallagher v Dinkins, 41 AD2d 946, affd 32 NY2d 839).

Accordingly, the order entered March 18, 1994 must be modified to declare that respondent is not a resident of Hamilton County for purposes of Public Officers Law §§ 3 and 30. Since petitioner has limited his brief solely to the finding of residency, we deem the remaining issues abandoned (see, First Natl. Bank v Mountain Food Enters., 159 AD2d 900).

CARDONA, P. J., MERCURE and WHITE, JJ., concur.

Ordered that the order entered March 18, 1994 is modified, on the law and the facts, without costs, by declaring that respondent is not a resident of Hamilton County and is a resident of Warren County for purposes of Public Officers Law §§ 3 and 30, that respondent is not qualified to serve as District Attorney of Hamilton County and, accordingly, a vacancy in said position exists, and, as so modified, affirmed.

Ordered that the judgment and order entered March 30, 1994 are affirmed, without costs.

---

1. While respondent uses his mother's address in Indian Lake for his motor vehicle registration, attorney registration and income tax returns after the tax year 1990, he used his Warren County address for his 1990 income tax returns.

2. While there was a challenge to respondent's voter registration in 1992, petitioner was not a party thereto and the Hamilton County Board of Elections' determination is not subject to review here. Accordingly, it is not presumptive evidence of his residence for purposes of his proceeding (see, Matter of Bressler v Holt-Harris, 37 AD2d 898, affd 30 NY2d 529).