■ In the Matter of FREDDIE ARAN, Appellant, v PAUL MEJIAS et al., Respondents, and FELIX ROSADO, Respondent. [646 NYS2d 515] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 11, 1996, confirming the report of the Special Referee which recommended that the petition to invalidate the designating petition of Felix Rosado on the basis of residency be denied, and the cross-petition to validate such designating petition be granted, is unanimously reversed, on the law and the facts, without costs, the judgment is vacated and the designating petition is invalidated.

Respondent Felix Rosado, who seeks the office of New York State Senator for the 28th District, Bronx and New York Counties, claims that his residence, for the purposes of Election Law § 1-104 (22), is Apartment 10G in the building designated as 1641 Madison Avenue, New York, New York. The building is part of the New York City Housing Authority complex known as Lehman Village, which is governed by rules and regulations regarding the income of its residents. Respondent Rosado apparently maintains a residence in Morristown, New Jersey, where he lived with his wife and child.

Rosado testified that in 1992, he moved from the New Jersey residence to the Madison Avenue apartment, although he was neither divorced nor legally separated from his wife. Rosado's wife testified that she separated from her husband in 1991, although there was no legal process to effectuate the separation and the couple subsequently had a child in 1993. The Special Referee rejected Rosado's contention that they had been separated.

As stated by the Court of Appeals, a respondent candidate "having two residences may choose one to which [he] has *legitimate, significant and continuing attachments* as [the] residence for the purposes of the Election Law." *(Matter of Ferguson v McNab,* 60 NY2d 598, 600 [emphasis added]; *Matter of*

*Gallagher v Dinkins,* 32 NY2d 839; *Matter of Isabella v Hotaling,* 207 AD2d 648, *lv denied* 84 NY2d 801.)

In the matter at bar, contrary to the findings of the Special Referee, Rosado's attachment to the Lehman Village residence was not "legitimate" as his reported income for the period during which he allegedly resided there disqualified him from residency. Rosado, whose salary for 1994 exceeded $93,000 and for 1995 exceeded $23,000, clearly did not qualify for public housing, and Lehman Village never granted Rosado permission to reside at the premises permanently. Accordingly, the petition for disqualification on the basis of residency should have been granted. Concur—Rubin, J. P., Williams, Tom, Mazzarelli and Andrias, JJ.