■ In the Matter of TERRY A. BASTONE et al., Respondents, v DARLENE COCCO, Appellant, et al., Respondent. [647 NYS2d 43] —Per Curiam. Appeal from an order of the Supreme Court (Keegan, J.), entered August 5, 1996 in Albany County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Darlene Cocco as the Democratic Party candidate for the office of Member of Congress for the 17th Congressional District in the September 10, 1996 primary election.

Respondent Darlene Cocco filed a petition designating her as the Democratic Party candidate for the office of Member of Congress, 17th Congressional District, representing portions of Bronx and Westchester Counties. Petitioners thereafter commenced this proceeding to challenge the validity of Cocco's designating petition. They maintain that the petition is both fraudulent and invalid in that Cocco does not reside at 3215 Arlington Avenue, Apartment 2A, Bronx, New York.

Election Law § 6-132 (1) requires a candidate to state his or her place of residence on the designating petition. Election Law § 1-104 (22) defines "residence" as "that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return". As used in the Election Law, the term "residence" is synonymous with the term "domicile" (*see, Matter of Isabella v Hotaling*, 207 AD2d 648, 650, *lv denied* 84 NY2d 801). The residency requirements that are a prerequisite to the holding of public office cannot be circumvented by the expedi-

ent of a fabricated address (*see, Matter of Ramos v Gomez*, 196 AD2d 620, 621; *Matter of Larkin v Herbert*, 185 AD2d 607, 608).

At a hearing held before Supreme Court to determine whether Cocco was indeed a "resident"—within the meaning of Election Law § 1-104 (22)—at the address shown on her petition, Cocco attested that she had previously been employed as an attorney in Washington, D.C., and had resided in Virginia until March 1996, when she moved to the Arlington Avenue apartment. She testified further that her stepfather, J. Melendez, owns the one-bedroom apartment and also resides there; as a consequence, Cocco sleeps on a living room couch. Beyond her own assertions that this apartment is her permanent residence, Cocco was able to proffer only her voter registration card, issued in May 1996, and her printed letterhead stationery as documentation of her residence at the Arlington Avenue apartment. Cocco produced no mail that had been addressed to her at that address prior to the commencement of this proceeding, nor did she have a personal bank account or a driver's license listing it as her residence, her driver's license having been issued in Virginia. Under questioning, Cocco displayed little familiarity with the building at 3215 Arlington Avenue, was unable to describe the view therefrom, did not know the building's custodian or any of the other residents, apart from her stepfather, and, with the exception of her recent participation in the social activities of a nearby church, was unfamiliar with the neighborhood surrounding the building. The testimony of a private investigator disclosed, *inter alia*, that the mailbox for the apartment bears only the name of J. Melendez and that the telephone is listed only in Melendez's name.

Inasmuch as petitioners sustained their burden of proving that Cocco, whose testimony Supreme Court found to be "incredible and unworthy of belief", has no "legitimate, significant and continuing attachments" (Election Law § 1-104 [22]) to the address listed as her residence on the designating petition (*see, Matter of Isabella v Hotaling, supra,* at 650; *Matter of Ramos v Gomez, supra,* at 621), the court's order granting petitioners' application to invalidate Cocco's designating petition is affirmed.

Mikoll, J. P., Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.