■ In the Matter of DARLENE COCCO, Appellant, v HERBERT MOREIRA-BROWN et al., Respondents. [647 NYS2d 45] —Per Curiam. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered August 15, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Herbert Moreira-Brown as the

Democratic Party candidate for the office of Member of Congress for the 17th Congressional District in the September 10, 1996 primary election.

Petitioner commenced this proceeding seeking to invalidate the designating petition of respondent Herbert Moreira-Brown (hereinafter respondent) filed with respondent State Board of Elections (hereinafter the Board). Respondent's petition designated him as a candidate of the Democratic Party for the office of Member of Congress, 17th Congressional District, in the September 10, 1996 primary election. Initially, when this proceeding was commenced, petitioner was a candidate for the same office, having also filed a designating petition with the Board. However, a separate proceeding was commenced challenging the validity of her designating petition (*see, Matter of Bastone v Cocco*, 230 AD2d 950 [decided herewith]). The challenger in that proceeding prevailed and petitioner's designating petition was ruled to be invalid. Based on that decision, Supreme Court in this case found that petitioner lost her status as an aggrieved candidate and concluded that she no longer possessed standing to challenge respondent's designating petition. The court, therefore, dismissed the proceeding. Petitioner appeals.

At the outset, we note that this Court affirmed the order of Supreme Court invalidating petitioner's designating petition (*Matter of Bastone v Cocco, supra*). Thus, she is no longer a candidate for the office in question. Based on these circumstances, we are of the view that Supreme Court's order finding that petitioner does not have standing in this case must be affirmed. Although petitioner had standing as an "aggrieved candidate" under Election Law § 16-102 (1) to challenge respondent's designating petition when she initiated this proceeding, she no longer possesses such standing (*see, Matter of Novak v Jones*, 19 AD2d 781, *affd* 13 NY2d 883; *see also, Samhammer v Home Mut. Ins. Co.*, 120 AD2d 59, 64). Insofar as it is not contested that petitioner fails to satisfy the other statutory requisites to challenge a designating petition (*see,* Election Law § 16-102 [1]), the proceeding must be dismissed. Petitioner's remaining arguments have been examined and rejected as unpersuasive.

Mikoll, J. P., Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.