■ In the Matter of AMERICAN TRANSIT INSURANCE COMPANY, Respondent, v CORA WASON et al., Respondents, and ROBIN PALACHE et al., Appellants. [856 NYS2d 606]—

Order, Supreme Court, New York County (Nicholas Doyle, Special Ref.), entered June 21, 2007, which granted the petition to stay arbitration of an uninsured motorist claim upon a finding that the vehicle owned by additional respondent Palache and insured by additional respondent State Farm Insurance Co., was involved in the subject accident, unanimously affirmed, without costs.

Respondent Cora Wason testified at a framed-issue hearing that the taxi in which she was a passenger was involved in an accident with a dark green, four-door vehicle, which fled the scene. Upon exiting the taxi, Wason and the taxi driver discovered a bumper with a license plate attached to it. The bumper was placed in the trunk of the taxi and taken to a nearby police precinct, and was subsequently left in the possession of the taxi driver. Approximately one week later, the driver delivered the license plate, now detached from the bumper, to Wason, who provided it to her attorney. The evidence was undisputed that the plate was registered to Palache, who while acknowledging that she owned a dark green, four-door vehicle, maintained that her vehicle was not involved in the accident.

The finding of the Special Referee, resting in large measure on considerations relating to the witnesses' credibility, that Palache's vehicle was involved in the subject accident, is supported by a fair interpretation of the evidence (*see Claridge Gardens v Menotti*, 160 AD2d 544 [1990]). It was within the province of the Special Referee to reject the chain of custody arguments proffered by additional respondents and conclude that the license plate discovered at the scene of the accident was the same one produced at the hearing.

We have considered additional respondents' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias and Williams, JJ.