■ In the Matter of PETER E. CIPRIANO, Respondent, v MATTHEW J. GRAVES, Appellant, et al., Respondents. [928 NYS2d 466]—

The appellant's claim that the petitioner lacked standing to commence this proceeding was raised as an affirmative defense in his answer to the petition. Contrary to the petitioner's contention, the appellant did not thereafter waive that claim.

It is undisputed that, following the petitioner's commencement of this proceeding, the Board of Elections in the City of New York invalidated a petition designating the petitioner as a candidate for the same office sought by the appellant. Therefore, the petitioner lost his status as an "aggrieved candidate" and no longer had standing as an aggrieved candidate to contest the appellant's designating petition (Election Law § 16-102 [1]; *see Matter of White v Bilal*, 21 AD3d 573, 574 [2005]; *Matter of Cocco v Moreira-Brown*, 230 AD2d 952, 953 [1996]; *Matter of Novak v Jones*, 19 AD2d 781, 782 [1963], *affd* 13 NY2d 883 [1963]). Accordingly, the Supreme Court should have denied the petition to invalidate the appellant's designating petition and dismissed the proceeding. Skelos, J.P., Covello, Balkin, Austin and Sgroi, JJ., concur.