■ In the Matter of CAROLYN D. JONES, Appellant, v MICHAEL A. BLAKE, Respondent, et al., Respondents. [991 NYS2d 595]—

Judgment, Supreme Court, Bronx County (John W. Carter, J.), entered August 15, 2014, dismissing the petition, unanimously affirmed, without costs.

This appeal arises out of a special proceeding in which petitioner sought to establish that respondent did not satisfy the residency requirements for the public office of Member of the Assembly. Specifically, article III, § 7 of the New York State Constitution provides that "[n]o person shall serve as a member of the legislature unless he or she . . . has been a resident of the state of New York for five years, and, except as hereinafter otherwise prescribed, of the assembly . . . district for the twelve months immediately preceding his or her election." The Elec-

tion Law defines residence as "that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return" (Election Law § 1-104 [22]).

After a hearing before a special referee, at which both documentary and testimonial evidence was adduced, the special referee found that respondent satisfied both the five-year and one-year prongs of the constitutional residency requirement. The IAS Court confirmed the report and recommendations of the special referee and dismissed the petition.

Our review of this record is informed by two guiding principles. First, it is well settled that in a proceeding such as this, the burden of proof is on the petitioner to establish by clear and convincing evidence that the claimed residence is not bona fide or otherwise compliant with constitutional or statutory requirements (*see Matter of Stavisky v Koo*, 54 AD3d 432, 433 [2d Dept 2008]). Second, generally when a reference has been made to a special referee to hear and report, if the referee's determination turns upon an assessment of the witnesses' credibility, the court should defer to the referee as the trier of fact (*Matter of American Tr. Ins. Co. v Wason*, 50 AD3d 609 [1st Dept 2008]). In proceedings such as this, because the question of residence is a factual one, based on a variety of factors and circumstances, where there is conflicting evidence, "the resolution of the conflict lies within the province of the . . . finder of fact, and should not be disturbed on appeal unless it is obvious that the . . . conclusion could not be reached under any fair interpretation of the evidence" (*Matter of Fernandez v Monegro*, 10 AD3d 429, 430 [2d Dept 2004] [internal quotation marks omitted]).

Here, while it is true that the documentary evidence, including respondent's tax returns and voting record, could support an inference that respondent, who has had a peripatetic work history, did not intend to continue to reside in New York, there was also contrary evidence before the court. The contrary evidence, which was expressly credited by the special referee, included, but was not limited to, respondent's testimony as to his intent and the temporary nature of his employment and living arrangements outside New York. Accordingly, we find no basis on which to disturb the court's adoption of the special referee's report and recommendations. Concur—Manzanet-Daniels, J.P., Feinman, Gische, Clark and Kapnick, JJ.