Matter of Quart v Kaufman (2020 NY Slip Op 02904)





Matter of Quart v Kaufman


2020 NY Slip Op 02904


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Acosta, P.J., Richter, Manzanet, Mazzarelli, Gesmer, JJ.


11608 100430/20

[*1] In re Dan Quart, Petitioner-Respondent,
v
Cameron Kaufman, Respondent-Appellant, The Board of Elections in the City of New York, Respondent.


Kauff Laton Miller LLP, New York (Nicholas F. Joseph of counsel), for appellant.
Martin E. Connor, Wells, for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about May 7, 2020, which granted petitioner's motion for summary judgment in an invalidation proceeding under Election Law seeking to disqualify respondent Koffman as a candidate for the office of Member of the Assembly in the Democratic primary election to be held on June 23, 2020, reversed, on the law, without costs, and the petition dismissed.
Petitioner is an Assemblyman from the 73rd Assembly District, County and State of New York. He was first
elected in 2011 and has served continuously since then. Koffman,
who was born and raised in Manhattan, attended Yale University in
Connecticut as an undergraduate from August 2015 to graduation in
May 2019, after which he returned to live in New York. Koffman arrived on campus and moved into one of Yale's dormitories on or about August 28, 2015. The majority of his belongings stayed at 141 E. 72nd Street, which remained his permanent address. While at Yale, he registered to vote in Connecticut in August 2015, indicating he lived at "Welch Hall, Yale." He presented his New York State driver's license as identification and listed the E. 72nd Street residence as his mailing address. In 2017, Koffman served jury duty in New York County and did not seek to be excused on the ground that he was no longer a resident of the State (see Judiciary Law § 510[1] [only New York residents may serve on a jury]). Koffman voted in person in the elections held in New Haven, Connecticut in 2015, 2016, 2017 and 2018. Koffman registered to vote in New York in October 2017 when he renewed his driver's license and voted in New York in the November 2019 election.
Petitioner alleges that Koffman chose Connecticut as his "electoral residency," disqualifying him from running for public office under the New York State Constitution. Petitioner moved for summary judgment in Supreme Court, New York County, and by order dated May 7, 2020 the court granted summary judgment to petitioner.
In moving for summary judgment, petitioner had the burden to
establish by clear and convincing evidence that respondent does
not meet the residency requirements established by the New York
Constitution (see Matter of Jones v Blake, 120 AD3d 415, 416 [1st
Dept 2014], lv denied 23 NY3d 908 [2014]; Matter of Weiss v Teachout, 120 AD3d 701, 702 [2d Dept 2014]). "Residence" is defined by the Election Law as "that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return" (Election Law § 1-104[22]; Matter of Glickman v Laffin, 27 NY3d 810, 815 [2016]).
Petitioner submitted proof that respondent had registered to vote and had voted in Connecticut from 2015 to 2018 instead of voting by absentee ballot in New York. In opposition to the summary judgment motion, respondent presented his affidavit and documentary evidence which demonstrated, among other things, that he was born and raised in New York; that he used his New York home as his permanent address; maintained his New York driver's license; paid New York taxes; completed New York jury service while he was a student at Yale; lived in New York when school was not in session; returned to New York to live and work after graduation, and always considered himself a New York resident.
The court found that petitioner was entitled to summary
judgment because the material facts alleged in the petition were
not disputed and that under the particular circumstances in this
case, Koffman "lacked the requisite intent to establish
 electoral' residency in New York for the five years required by
our Constitution." The court also observed that if Koffman had "intended to establish and maintain New York as his electoral residence, [he] could have voted by casting an absentee ballot for the New York elections" and that "by taking the affirmative steps of registering to vote in Connecticut and casting votes there in 2015, 2016, 2017 and 2018, [he] effectively chose the state of Connecticut as his electoral residence." We now reverse and dismiss the petition.
To serve as a member of the state legislature, a person must have been "a resident of the state of New York for five years. . .immediately preceding his or her election" (NY Const art III, § 7; Glickman, 27 NY3d at 816. As noted, "residence" is "that place where a person maintains a fixed, permanent and principal home and to which he, wherever temporarily located, always intends to return" (Election Law § 1-104[22]). "The crucial determination for electoral residency purposes is that the individual must manifest an intent, coupled with physical presence without any aura of sham" (Glickman, 27 NY3d at 815 [internal quotation marks omitted]).
Petitioner asserts he can satisfy the heavy burden of clear and convincing evidence through just one fact, without regard to any other: that, while a college student, Koffman registered and voted in Connecticut. But there is no such bright-line rule. Rather, as the Court of Appeals has held, "[r]esidency is generally a factual question, dependent upon the particular circumstances presented" (Glickman, 27 NY3d at 815).
In Glickman, the petitioner was a candidate for the office of State Senator. Supreme Court held an evidentiary hearing at which there was evidence that Glickman had resided at his father's house in Tonawanda, New York prior to leaving for Maryland to attend college and graduate school. In October 2013, he moved to Washington D.C. where he obtained employment and in November 2014 he registered to vote in Washington, D.C. In March 2015, he moved back to his father's home in Tonawanda where he registered to vote in May 2015. He then moved to Rochester where he registered to vote in January 2016. In a proceeding in which objectors sought to invalidate Glickman's designating petitions, the Court held that "based on the particular circumstances of this case, Glickman lacked the requisite intent to establish residency [in New York] for the five years required by our Constitution." In so ruling, the Court looked to Washington, D.C., law defining a "qualified elector." When Glickman registered to vote in Washington, D.C., he was required to attest that Washington, D.C., was his sole electoral residence and that he did not maintain another voting residence. The Court found that these factors demonstrated that Glickman "broke the chain of New York electoral residency," and could not claim New York residency for the preceding five years as required by the New York State Constitution (Glickman, at 816).
Respondent argues persuasively that were the act of
registering in a different jurisdiction a choice of a new
electoral residency all by itself, as petitioner asserts, the
Court of Appeals would not have discussed the specifics of
Washington, D.C. voter registration requirements or based its
holding on them.
In contrast to the voter registration law of Washington,
D.C., Connecticut's voting laws did not require Koffman to
abandon his New York electoral residence. To register in
Connecticut, Koffman was required only to affirm that (i) he was
a U.S. citizen; (ii) he lived at the Connecticut address he
provided on the form; (iii) he was at least 17 years old; (iv) he
had not been convicted of a felony; and (v) the information
provided on the form was true. Koffman was never required to
provide any additional evidence that he was a "resident" of
Connecticut (compare Matter of Notaristefano v Marcantonio, 164 AD3d 721 [2d Dept 2018], lv denied 31 NY3d 1210 [2018] [granting an invalidation proceeding where the respondent registered to vote in North Carolina while attending Duke University School of Law; North Carolina's voter registration laws required cancellation of any prior registration as part of the application process; and the State of North Carolina had a policy of allowing out-of-state students to vote only where they could show, inter alia, that they had abandoned their prior home]).
Under the circumstances here, where there was ample proof
that Koffman was a New York resident and that Koffman's presence
in Connecticut as a college student was temporary, together with
the fact that he was not required under Connecticut law to
renounce any voter registration in another state (as was the case
in Glickman and Marcantonio), petitioner fell short of
meeting his burden by clear and convincing evidence that
respondent does not meet the residency requirement of the NY
Constitution. Thus, it was error for the court to grant summary
judgment to petitioner.
All concur except Gesmer, J. who dissents in a memorandum as follows:




GESMER, J. (dissenting)


I respectfully dissent, and would affirm the decision of the motion court.
The sole question on this petition is whether the actions of appellant in registering to vote in New Haven, Connecticut and then voting there in each year from 2015 through 2018 "effectively severed his New York electoral residence" (Matter of Notaristefano v Marcantonio, 164 AD3d 721, 722 [2d Dept 2018], lv denied 31 NY3d 1210 [2018]). I do not disagree with the majority that he maintained his New York residency during this period, but that is not the dispositive question. "[A] person is permitted to have more than one residence, but is not permitted to have more than one electoral residence" (Matter of Glickman v Laffin, 27 NY3d 810, 816 [2016]). This becomes particularly critical when an individual decides to seek election to the state legislature, because the constitutional residency requirement for that position has been interpreted to require that the candidate has resided in this state for the five years immediately prior to the election (Matter of Glickman at 815, citing Matter of Bourges v LeBlanc, 98 NY2d 418, 420 [2002]).
In my view, the motion court correctly held that this case is governed by Matter of Glickman and Matter of Notaristefano. In those cases, on facts remarkably similar to those here, the candidate was disqualified by having registered and voted in another state during the five years preceding the election. Unlike the majority, I do not believe that those cases can be distinguished from the one before us. In Glickman, the Court of Appeals noted that Washington D.C. required the individual to have sworn that he or she "does not claim voting residence or right to vote in any state or territory" (Glickman at 816 [internal quotation marks omitted]) Similarly, in Notaristefano, the court noted that North Carolina required a person registering to vote to cancel his or her prior registration. The majority points out that Connecticut does not have any similar statutory requirement. However, as the motion court pointed out, the Elections Enforcement Commission of the State of Connecticut has held that an individual with two residences may vote in either as it is up to the individual "alone to say whether his voting interest at the residence he selects exceed his voting interests elsewhere" (see e.g. Complaint of James [*2]Cropsey, File No. 2008-047, citing Farley v Louzitis, Superior Court New London County, No. 41032 [1972]). Thus, the individual registering to vote in Connecticut, just like the comparable individual in North Carolina or Washington, D.C., is stating his definite choice of Connecticut as his residence for electoral purposes. Certainly, once Mr. Koffman registered to vote in Connecticut, and voted there, he could not have voted absentee in New York for the same election cycle.
This result is not harsh, as Mr. Koffman could have chosen to vote absentee in New York, and retained his electoral residence in the state that he had always called home. However, having chosen to register and vote in another state, he cannot satisfy the five year residency requirement at this time.
I respectfully dissent.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK