*449
 
 OPINION OF THE COURT
 

 Levine, J.
 

 Petitioner commenced this proceeding seeking an order disqualifying respondent from acting in the capacity of Hamilton County District Attorney for failing to satisfy the residency requirements of Public Officers Law §§ 3 and 30. A hearing was held at which petitioner produced three witnesses. The first testified that he had served respondent with the subject petition in the evening at a residence in Warren County, and that respondent was in his nightclothes at the time. The second witness, a Town Justice of the Town of Wells, testified that he kept respondent’s phone numbers in his address book, which included two numbers in Warren County.
 

 Respondent was then called and examined as to his residency. He testified that he was raised in the Town of Indian Lake, Hamilton County, until he left the area in 1960 to attend private school in Lenox, Massachusetts, and college at Cornell University, during which period he claimed Hamilton County as his residence. In 1968, respondent joined a Jesuit
 
 *450
 
 religious order in Massachusetts, and thereafter studied at the New England School of Law in Boston from 1974 through 1978. Respondent first registered to vote in Hamilton County in 1969, and voted in the 1970 and 1971 elections. During part of the period he was in Massachusetts, respondent registered and voted in that State.
 

 In 1978, after graduating from law school, respondent moved back to Indian Lake in Hamilton County and reenrolled as a registered voter there. In 1980, respondent secured employment in Saratoga Springs and lived at home with his wife in Glens Falls, Warren County, while maintaining his voter registration at Indian Lake. In 1981, respondent successfully ran for Hamilton County District Attorney for the first time, and the next year he and his wife rented a house on Blue Mountain Lake, Hamilton County, at which time respondent changed his registration to this new address. When his first marriage broke up, respondent resigned from office in 1985 and physically moved to Rensselaer County, changing his registration back to the Indian Lake address. In 1989, respondent moved back to Blue Mountain Lake with his second wife and changed his registration from Indian Lake to Blue Mountain Lake.
 

 In 1990, respondent and his wife purchased a home in Warren County, and began to live there with their daughter. At that time, respondent again changed his registration to the home in Indian Lake, and continued to vote in Hamilton County. In 1992, respondent was again elected Hamilton County District Attorney. Prior to that election, the Hamilton County Board of Elections rejected a challenge to respondent’s voter registration, finding him to be a resident of Hamilton County for voting purposes.
 

 For the years 1976 through 1990, respondent and his mother jointly owned the Indian Lake home. In 1990, the home was deeded to respondent by his mother, subject to her life tenancy. Respondent testified that he frequently visits and periodically stays overnight at the Indian Lake residence with his mother, who is quite ill and in need of care, and that he keeps some personal items there. Respondent also owns a vacant lot in Blue Mountain Lake and has maintained his driver’s license, car registration, notary public commission and Office of Court Administration registration in Hamilton County. He testified that he always intended that the Indian Lake residence be his legal residence for the period in ques
 
 *451
 
 tian, and expressed an intent to eventually return to live full time in Hamilton County.
 

 Supreme Court denied the petition, concluding that petitioner had not met the burden of proof necessary to establish respondent as a nonresident of Hamilton County for purposes of Public Officers Law §§ 3 and 30. The Appellate Division reversed, on the law and the facts, holding that respondent was not a resident of Hamilton County for purposes of the Public Officers Law, and declared a vacancy in the office of District Attorney (207 AD2d 116). This Court granted leave to appeal, and we now reverse.
 

 Public Officers Law § 3 (1) provides that "[n]o person shall be capable of holding a civil office who shall not * * * [be] a resident of the political subdivision v * * of the state for which he shall be chosen”. Public Officers Law § 30 (1) (d) further provides that "[e]very office shall be vacant upon * * * [the incumbent’s] ceasing to be an inhabitant * * * of the political subdivision * * * of which he is required to be a resident when chosen”. The terms "resident” and "inhabitant” in these provisions are properly understood to be synonymous with domicile
 
 (see, Matter of Aiello v Power,
 
 9 Misc 2d 523,
 
 affd
 
 4 AD2d 833,
 
 affd
 
 3 NY2d 892;
 
 Matter of Larkin v Herbert,
 
 185 AD2d 607;
 
 see also,
 
 1974 Opns Atty Gen 213;
 
 cf., Matter of Palla v Suffolk County Bd. of Elections,
 
 31 NY2d 36, 47 ["residence” in Election Law also treated as synonymous with domicile]).
 

 For a change to a new domicile to be effected, there must be a union of residence in fact and an "absolute and fixed intention” to abandon the former and make the new locality a fixed and permanent home
 
 (Matter of Newcomb,
 
 192 NY 238, 250-251;
 
 see also, Matter of Palla v Suffolk County Bd. of Elections, supra,
 
 at 47). "Mere change of residence although continued for a long time does not effect a change of domicile, while a change of residence even for a short time with the intention in good faith to change the domicile, has that effect”
 
 (Matter of Newcomb, supra,
 
 at 250). Indeed, "[m]otives are immaterial, except as they indicate intention”
 
 (id.,
 
 at 251). An existing domicile, whether of origin or selection, continues until a new one is acquired, and a party, as petitioner here, alleging a change in domicile has the burden to prove the change by clear and convincing evidence
 
 (id.,
 
 at 250-251;
 
 Matter of Aiello v Power,
 
 9 Misc 2d, at 527,
 
 supra; Matter of Larkin v Herbert, supra,
 
 at 608).
 

 
 *452
 
 We conclude that petitioner has failed to satisfy this heightened burden in the instant case. As noted above, evidence of respondent’s move to Warren County alone is insufficient to extinguish his domicile (and, therefore, his "residence” for purposes of Public Officers Law §§ 3 and 30) in Hamilton County. Rather, it was incumbent on petitioner to present clear and convincing evidence of respondent’s present, definite and honest purpose to abandon the Hamilton County domicile and make the Warren County residence his fixed and permanent home
 
 (see, Matter of Newcomb, supra).
 
 The evidence was insufficient for this purpose. On the contrary, the evidence— including respondent’s continuous voting record in Hamilton County since 1978 — demonstrated his long-standing and continuous connection with Hamilton County, bespeaking an intent to maintain the Indian Lake residence as his fixed and permanent residence for all purposes
 
 (see, Matter of Gallagher v Dinkins,
 
 41 AD2d 946,
 
 affd
 
 32 NY2d 839).
 

 Indeed, even if petitioner is correct in asserting that respondent’s motive is to maintain his connection with Hamilton County for political purposes, that fact would support rather than detract from his professed intention to retain his Hamilton County domicile
 
 (see, Matter of Newcomb, supra,
 
 at 251;
 
 Matter of Larkin v Herbert, supra,
 
 at 608). Moreover, the Board of Elections’ prior determination, statutorily deemed presumptive evidence of respondent’s residence for voting purposes (Election Law § 5-104 [2];
 
 see, Matter of Bressler v Holt-Harris,
 
 37 AD2d 898,
 
 affd for reasons stated below
 
 30 NY2d 529), is entitled to weight in this context. On the basis of this record, we conclude that Supreme Court’s determination that petitioner failed to sustain his burden more nearly comports with the weight of the evidence
 
 (see, Matter of Ferguson v McNab,
 
 60 NY2d 598).
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and judgment granted declaring respondent to be a resident of Hamilton County for purposes of Public Officers Law §§ 3 and 30 and reinstating him to the position of District Attorney of of Hamilton County.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa and Ciparick concur with Judge Levine; Judge Smith dissents and votes to affirm for reasons stated in the opinion by Justice Karen K. Peters at the Appellate Division
 
 (207
 
 AD2d 116).
 

 Order reversed, etc.