■ In the Matter of RICHARD M. EGAN, Petitioner, v THOMAS VON ESSEN, as Commissioner of the Fire Department of the City of New York, et al., Respondents. [688 NYS2d 573] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Fire Department of the City of New York dated September 5, 1997, which, after a hearing before an Administrative Law Judge, terminated the petitioner's employment as a firefighter.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner commenced his employment as a firefighter with the Fire Department of the City of New York on May 7, 1983. Following a hearing, an Administrative Law Judge sustained several charges of misconduct against him. Specifi-

cally, the Administrative Law Judge found that in late April 1993, the petitioner injured his back while participating in a nonwork-related jujitsu class. The Administrative Law Judge further found that the petitioner violated certain regulations of the Fire Department as well as his oath of office by filing, on May 10, 1993, an official report with the Fire Department falsely claiming to have injured himself by falling out of a chair at work, and by filing, on May 10, 1994, an application for a service-incurred disability pension with the Fire Department Pension Fund based on back injuries which he knew were not work-related. The Administrative Law Judge's findings and recommendation of dismissal were subsequently adopted by the respondent Commissioner of the Fire Department of City of New York.

Under the circumstances of this case, we find that the charges were supported by substantial evidence, including, *inter alia*, the petitioner's admission of wrongdoing to several witnesses (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Mistretta v Kane,* 251 AD2d 418; *Matter of Galante v Commissioner of Motor Vehicles of State of N. Y.,* 253 AD2d 763).

Contrary to the petitioner's contention, the penalty of dismissal was not "shocking to one's sense of fairness", in view of the evidence that he violated Fire Department regulations and engaged in acts of dishonesty (*see Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, *supra; Matter of Palomino v Bruno,* 157 AD2d 730, 731). Santucci, J. P., Sullivan, Florio and McGinity, JJ., concur.