Benjamin Ostrer, Esq. Informal Opinion No. 99-37 Village Attorney Village of Warwick P. O. Box 369 Warwick, N Y 10990
Dear Mr. Ostrer:
You have asked whether the Village Justice, a Village officer, continues to meet residency requirements for holding public office under the following circumstances. You informed us that the Justice recently sold his home in the Village and that he is in the process of building a new home in the Village. He had intended to rent a house in the Village during construction of his new home but could not locate a rental property within the Village boundaries. We agree with your advice to the Village Justice that he may reside temporarily outside the Village while his new home is being constructed and retain domicile in the Village. Therefore, he will continue to meet the residency requirements for holding his public office.
Public Officers Law § 3(1) establishes qualifications for holding a public office and provides that:
 No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto, [be] . . . a resident of the state, and if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he shall be chosen, or within which . . . his official functions are required to be exercised.
A companion provision provides that a local office "shall be vacant" if the occupant ceases to be an "inhabitant" of the political subdivision or municipal corporation where he is required to reside when chosen. Public Officers Law § 30(1)(d). Also, Village Law §3-300(1) requires, as a condition for holding a village office, that a person be a village resident.
The terms "resident" and "inhabitant" as used above have been viewed as synomymous with "domiciliary." Op Atty Gen (Inf) No. 83-44. Domicile is established by demonstrating an intention to make a residence a permanent and fixed home. Id. A temporary shift in residence for a temporary purpose, combined with an intent to return to the municipality where a person has been domiciled when the purpose has been accomplished, leaves domicile unchanged. Id. A person may have several residences, but can have only one domicile. Id.
An existing domicile continues until a new one is acquired. Id. To effect a change in domicile,
 there must be a union of residence in fact and an `absolute and fixed intention' to abandon the former and make the new locality a fixed and permanent home. . . . Mere change of residence although continued for a long time does not effect a change of domicile, while a change of residence even for a short time with the intention in good faith to change the domicile, has that effect. Hosley v. Curry, 85 N.Y.2d 447 (1995); citations omitted.
A person challenging an officer's domicile has the burden to prove by clear and convincing evidence that a change in domicile has occurred.Id.
Applying these standards to the facts you have presented, the Justice's domicile in the Village remains unchanged. His intent is to move back into the Village once his new home is constructed. The Justice's residence outside the Village is temporary and is not linked with an intention to change his domicile.
We conclude that the Village Justice's temporary residence outside the Village does not affect his statutory eligibility to continue serving the Village in this public office.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions