Allen M. Smith, Esq. Informal Opinion Attorney No. 2008-7 Davis Park Fire District 737 Roanoke Avenue Riverhead, New York 11901
Attorney
Dear Mr. Smith:
You have requested an opinion regarding whether boaters who keep their boats at a marina for the portion of the year the marina is open are eligible to volunteer their services to the Davis Park Fire Department pursuant to General Municipal Law § 209-i (1-a).
Article 10 of the General Municipal Law pertains to "[f]iremen and [p]olicemen." General Municipal Law § 209-i permits volunteer firefighters to offer to assist a volunteer fire company or department of which he or she is not a member. Subdivision one authorizes such an offer when the non-member firefighter has knowledge of a fire or other emergency at or near the place where he or she is for the time being.Id. § 209-i (1). Subdivision one — a authorizes a volunteer firefighter "who, because of his residence or usual occupation, is regularly in the area served by a volunteer fire company or department of which he is not a member" to volunteer his services "on an on-going basis."Id. § 209-i (1-a). The municipal corporation or fire district that would be liable for the negligence of any volunteer members of the fire company or department is similarly liable for the negligence of such volunteer firefighters who have offered to assist and whose offer has been accepted while the non-members assist. Id. § 209-i (2).
You have explained that the Davis Park Fire District is a small fire district located on Fire Island. The fire district has authorized the acceptance of offers of assistance made by volunteer firefighters who are not members of the fire department, pursuant to General Municipal Law § 209-i.
You have further explained that some non-member volunteer firefighters who live on the mainland, near but not on Fire Island, have offered to assist the fire department on an ongoing basis. *Page 2 
They keep their boats at a seasonal marina located near the fire department for lengths of time during the months the marina is open. The permits pursuant to which the boats are berthed at the marina are "transient permits," which limit berthing to seventeen consecutive days. Subsequent transient permits may be issued after the boat is removed from the marina for 48 hours.
You have asked whether keeping a boat at the marina under these circumstances is sufficient to qualify non-member volunteer firefighters to offer their services to the fire department on an ongoing basis pursuant to General Municipal Law § 209-i(1-a). In particular, you have asked whether these non-member volunteer firefighters are eligible to claim a "residence" at the marina and thereby qualify to offer ongoing assistance under subdivision 1-a. As explained more fully below, we are of the opinion that, under the facts as you have described them, they cannot claim a residence at the marina and therefore that they cannot offer their assistance to the fire department on an ongoing basis pursuant to General Municipal Law § 209-i(1-a) on this ground.
Analysis
Section 209-i does not define "residence."[1] The meaning of "residence" when used in statutes may vary depending on the context. In some statutes, it is used to mean a "domicile," that is, a "living in [a particular locality] with intent to make it a fixed and permanent home,"Matter of Newcomb, 192 N.Y. 238, 250 (1908). See, e.g., Public Officers Law § 3(1); Matter of Hosley v. Curry, 85 N.Y.2d 447, 451 (1995) ("resident" in Public Officers Law § 3(1) is properly understood to be synonymous with "domicile"); Education Law § 3202; Longwood Centr. Sch.Dist. v. Springs Union Free Sch. Dist., 1 N.Y.3d 385 (2004) ("residence" in Education Law § 3202 is akin to domicile). In other statutes, it refers to the "abode or place where one actually lives," In re Estate ofShindell, 60 A.D.2d 393, 398 (1st Dep't 1977), aff'd 55 N.Y.2d 655
(1981). See, e.g., C.P.L.R. 202; Antone v. General Motors Corp.,64 N.Y.2d 20, 26 ("residence" under C.P.L.R. 202 is distinct from "domicile").
In either sense, however, "residence" refers to a place in which a person lives for at least some time. This accords with the dictionary definition of the word. See American Heritage Dictionary of the English Language 1483 (4th ed. 2000) ("The place *Page 3 
in which one lives; a dwelling."). As you have described the facts, the non-member volunteer firefighters "reside on the mainland, but keep their boats in transient slips" at the seasonal marina. We are of the opinion that the presence of the non-member volunteer firefighters at the marina as you have described it is insufficient to establish their "residence" in the area of the fire department for purposes of General Municipal Law § 209-i(1-a).
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
 KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] The resolution adopted by the fire district does, however, define "residence," to mean "a parcel of redidential real property." Resolution of Oct. 13, 2007. *Page 1