In the Matter of MIGUEL GUERRERO, Petitioner, v NICHOLAS SCOPPETTA, as Fire Commissioner of the City of New York, et al., Respondents. [862 NYS2d 104]—

Proceeding pursuant to CPLR article 78 to review a determination of Nicholas Scoppetta, as Fire Commissioner of the City of New York, dated July 26, 2006, which adopted the recommendation of a hearing officer dated June 30, 2006, made after a hearing, finding the petitioner guilty of 26 charges of misconduct and terminating his employment as an emergency medical technician with the Fire Department of the City of New York.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner was found guilty of 26 charges of misconduct following a disciplinary hearing, including abandoning his post without authorization and consuming alcohol while on duty, and was terminated from his employment as an emergency medical technician with the Fire Department of the City of New York (hereinafter FDNY). Judicial review of an administrative determination made after a hearing required by law is limited to whether the determination is supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of Rooney v Deer Park Fire Dept.*, 36 AD3d 823 [2007]). Substantial evidence is "less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; *see Matter of Andrew Naclerio Assoc., Inc. v Pradhan*, 45 AD3d 585, 587 [2007]). Here, the FDNY records, the testimony of numerous witnesses and the petitioner, and a videotape of the incidents on which the determination was based, provided "such relevant proof as a reasonable mind may accept as adequate" (*Matter of Genovese Drug Stores, Inc. v Harper*, 49 AD3d 735, 735 [2008]) to support the conclusion that the petitioner engaged in misconduct as found by the Fire Commissioner. Accordingly, as the determination was supported by substantial evidence, it may not be set aside (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of Loscuito v Scoppetta*, 50 AD3d 905 [2008]; *Matter of Egan v Von Essen*, 260 AD2d 479 [1999]). Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.