■ In the Matter of JAMES LANGLER, Petitioner, v COUNTY OF CAYUGA et al., Respondents. [892 NYS2d 697]—

Judicial review of an administrative determination following a hearing required by law is limited to whether the determination is supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of Guerrero v Scoppetta*, 53 AD3d 615 [2008]; *Matter of D'Alessandro v West Hempstead Fire Dist.*, 53 AD3d 576, 577 [2008]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Lundy v City of Oswego*, 59 AD3d 954 [2009]). Here, we agree with petitioner that the determination with respect to charge III, alleging that he altered a departmental shift schedule in retaliation for the support by members of that department for a political opponent of the incumbent sheriff, is not supported by substantial evidence, and we therefore modify the determination accordingly. There is no evidence in the record demonstrating that the schedule change was motivated by a desire to retaliate for political reasons (*see generally Matter of Barhite v Village of Medina*, 23 AD3d 1114, 1115 [2005]). We further conclude, however, that the determination with respect to charges I, II, IV and V is supported by substantial evidence.

Inasmuch as a single penalty was imposed and the record does not establish any relation between the charges and the penalty, we further modify the determination by vacating the penalty. We remit the matter to respondent County of Cayuga for imposition of an appropriate penalty on the remaining charges. Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.