■ PATRICIA IKEDA, Appellant, v DANIELLE M. TEDESCO et al., Respondents. [895 NYS2d 275]—

Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Romano, J.), entered September 22, 2008 in a personal injury action. The order, among other things, granted those parts of defendants' motion to strike the note of issue and certificate of readiness and for an award of attorney fees.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the third ordering paragraph and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle she was driving was struck by a vehicle driven by defendant Danielle M. Tedesco and owned by defendant James R. Tedesco. On July 23, 2008, Supreme Court granted defendants' motion to compel plaintiff to provide a duly executed release permitting defendants to obtain various records and documents from the litigation files of plaintiff's counsel that were acquired and maintained in the course of a prior personal injury action. That same day, but before complying with the order to provide the release, plaintiff filed a note of issue and certificate of readiness, certifying therein that "[t]here are no outstanding requests for discovery."

Defendants moved to strike the note of issue and certificate of readiness inasmuch as plaintiff had not provided the release, and they requested an award of sanctions, attorney fees and the costs associated with their instant motion. The court granted defendants' motion to the extent that it struck the note of issue and certificate of readiness and awarded defendants $500 "for the attorney fees incurred [by them] in bringing their motion."

We reject plaintiff's contention that, pursuant to CPLR 3402,

a party may file a note of issue and certificate of readiness "at any time after issue is first joined." Pursuant to 22 NYCRR 202.21 (a) and (b), a properly filed note of issue must be accompanied by a certificate of readiness, and there must be "no outstanding requests for discovery" (22 NYCRR 202.21 [b] [8]). Here, plaintiff filed the note of issue and certificate of readiness before she had provided the release in accordance with the order granting defendants' motion to compel her to do so. Thus, the court properly granted that part of defendants' motion to strike the note of issue and certificate of readiness (*see* 22 NYCRR 202.21 [e]). We agree with plaintiff, however, that the court erred in failing to comply with 22 NYCRR 130-1.2 in imposing the attorney fees as a sanction inasmuch as the court failed to set forth in a written decision "the conduct on which . . . the imposition [of sanctions] is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount . . . imposed to be appropriate" (*see Leisten v Leisten*, 309 AD2d 1202, 1203 [2003]; *see also Campbell v Obear*, 26 AD3d 877, 878 [2006]). We therefore modify the order by vacating the award of attorney fees, and we remit the matter to Supreme Court for compliance with 22 NYCRR 130-1.2. Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.