■ In the Matter of JAMES I. JOHNSON, Petitioner, v TOWN OF AMHERST et al., Respondents. [902 NYS2d 874]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Timothy J. Drury, J.], dated November 17, 2009) to annul a determination of respondents. The determination terminated petitioner from his employment with respondent Town of Amherst.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination terminating his employment with respondent Town of Amherst (Town) for failure to satisfy the residency requirement of the Town Code, which requires Town employees to be domiciliaries of the Town. "[D]omicile means living in [a] locality with intent to make it a fixed and permanent home" (*Matter of Newcomb*, 192 NY 238, 250 [1908]). "For a change to a new domicile to be effected, there must be a union of residence in fact and an 'absolute and fixed intention' to abandon the former and make the new locality a fixed and permanent home" (*Matter of Hosley v Curry*, 85 NY2d 447, 451 [1995], *rearg denied* 85 NY2d 1033 [1995]; *see Newcomb*, 192 NY at 250-251).

"Judicial review of an administrative determination following a hearing required by law is limited to whether the determination is supported by substantial evidence" (*Matter of Langler v County of Cayuga*, 68 AD3d 1775, 1776 [2009]; *see* CPLR 7803 [4]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Langler*, 68 AD3d at 1776, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). The evidence presented at the hearing established that petitioner's family lived in a home in Elba, New York, that petitioner listed the Elba address on his New York State income tax forms, that he had no intention of moving his family to the Town and that he established residency in the Town solely to comply with the original residency requirements of his employment. We thus conclude that the determination that petitioner is a domiciliary of Elba rather than the Town is supported by substantial evidence (*see Hosley*, 85 NY2d at 451; *see generally 300 Gramatan Ave. Assoc.*, 45 NY2d at 180). Contrary to the further contention of petitioner, he was fully apprised of the evidence that respondents would consider in making their determination, and he was given numerous opportunities to respond and to present his own evidence (*see generally Matter of Simpson v Wolansky*, 38 NY2d 391, 395-396 [1975]). We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ.