# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**275**
**CA 10-01198**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF VINCENT F. GIGLIOTTI,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CYNTHIA A. BIANCO, AS SUPERINTENDENT OF
SCHOOLS OF CITY SCHOOL DISTRICT OF CITY OF
NIAGARA FALLS, RUSSELL PETROZZI, AS PRESIDENT
OF NIAGARA FALLS BOARD OF EDUCATION, NIAGARA
FALLS BOARD OF EDUCATION AND SCHOOL DISTRICT
OF CITY OF NIAGARA FALLS,
RESPONDENTS-APPELLANTS.

---

HURWITZ & FINE, P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

REDEN & O'DONNELL, LLP, BUFFALO (TERRY M. SUGRUE OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered March 19, 2010 in a proceeding pursuant to CPLR article 78. The judgment granted the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the award of attorneys' fees and as modified the judgment is affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination terminating his employment with respondent School District of City of Niagara Falls (District) for failure to comply with the District's residency policy, which requires District employees to be domiciliaries of the City of Niagara Falls. Supreme Court properly granted the petition. It is well established that "domicile means living in [a] locality with intent to make it a fixed and permanent home" (*Matter of Newcomb*, 192 NY 238, 250). Further, "[a]n existing domicile . . . continues until a new one is acquired, and a party . . . alleging a change in domicile has the burden to prove the change by clear and convincing evidence" (*Matter of Hosley v Curry*, 85 NY2d 447, 451, *rearg denied* 85 NY2d 1033; *see Matter of Larkin v Herbert*, 185 AD2d 607, 608). "For a change to a new domicile to be effected, there must be a union of residence in fact and an 'absolute and fixed intention' to abandon the former and make the new locality a fixed and permanent home" (*Hosley*, 85 NY2d at 451, quoting *Newcomb*, 192 NY at 251; *see Matter of Johnson*

*v Town of Amherst*, 74 AD3d 1896, *lv denied* 15 NY3d 712).

Here, the evidence presented to respondent Niagara Falls Board of Education established that petitioner was a lifelong resident of Niagara Falls. Beginning in 1992 or 1993, petitioner resided with his elderly mother at a residence in Niagara Falls after his divorce from his first wife. In April 2007, while he was temporarily laid off from his employment with the District, petitioner married his longtime girlfriend, in part because he was at risk of losing his health benefits. Petitioner and his wife agreed that petitioner would continue to live in Niagara Falls with his mother, while his wife would continue to live at her residence in Ransomville, New York, which she purchased before the marriage. Petitioner's personal effects remained at his residence in Niagara Falls, although he keeps a set of golf clubs and some clothing at his wife's residence in Ransomville. Petitioner resides with his wife in Ransomville on weekends. Petitioner listed the Niagara Falls address on, inter alia, his federal income tax forms, his New York State driver's license, his social security card, his marriage certificate, and bank and credit statements. Moreover, petitioner's vehicle is registered at the Niagara Falls address, and he is registered to vote in Niagara Falls. We thus conclude that the determination that petitioner changed his domicile from Niagara Falls to Ransomville was arbitrary and capricious (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231).

Contrary to respondents' contention, this proceeding does not involve a substantial evidence issue requiring transfer to this Court (*see* CPLR 7803 [4]; 7804 [g]). A substantial evidence issue " 'arises only where a quasi-judicial hearing has been held and evidence taken pursuant to law' " (*Matter of Bonded Concrete v Town Bd. of Town of Rotterdam*, 176 AD2d 1137, 1137-1138). Here, the District did not conduct a hearing before terminating petitioner's employment, nor was such a hearing "required by statute or law" (*Matter of Colton v Berman*, 21 NY2d 322, 329; *see Matter of O'Connor v Board of Educ. of City School Dist. of City of Niagara Falls*, 48 AD3d 1254, *lv dismissed* 10 NY3d 928; *see generally Matter of Felix v New York City Dept. of Citywide Admin. Servs.*, 3 NY3d 498, 501).

We agree with respondents, however, that the court erred in awarding attorneys' fees to petitioner, and we therefore modify the judgment accordingly. "In New York the general rule is that each litigant is required to absorb the cost of his [or her] own attorney[s'] fees . . . in the absence of a contractual or statutory liability" (*Larsen v Rotolo*, 78 AD3d 1683, 1683-1684 [internal quotation marks omitted]). Petitioner contends, however, that the award is warranted as a sanction for frivolous conduct pursuant to 22 NYCRR 130-1.1. We reject that contention. A court may award attorneys' fees pursuant to that regulation "only upon a written decision setting forth the conduct on which the award . . . is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded . . . to be appropriate" (22 NYCRR 130-1.2; *see Ikeda v Tedesco*, 70 AD3d 1498)

and, here, the court failed to disclose its basis for awarding attorneys' fees to petitioner (*see Carnicelli v Carnicelli*, 300 AD2d 1093).

Entered:  March 25, 2011                          Patricia L. Morgan
                                                 Clerk of the Court