# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**669**

**CA 10-01671**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF RANDY M. KRAJKOWSKI,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

CYNTHIA A. BIANCO, AS SUPERINTENDENT OF
SCHOOLS OF CITY SCHOOL DISTRICT OF CITY OF
NIAGARA FALLS, RUSSELL PETROZZI, AS PRESIDENT
OF NIAGARA FALLS BOARD OF EDUCATION, NIAGARA
FALLS BOARD OF EDUCATION, AND SCHOOL DISTRICT
OF CITY OF NIAGARA FALLS,
RESPONDENTS-APPELLANTS.

---

HURWITZ & FINE, P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

REDEN & O'DONNELL, LLP, BUFFALO (TERRY M. SUGRUE OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated judgment and order) of the
Supreme Court, Erie County (Frederick J. Marshall, J.), entered May
25, 2010 in a proceeding pursuant to CPLR article 78. The judgment
granted the petition for reinstatement with back pay and benefits.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: In this CPLR article 78 proceeding, petitioner
sought, inter alia, to annul the determination terminating his
employment as a network engineer with respondent School District of
City of Niagara Falls (District) based on his failure to comply with
the District's residency policy. That policy requires District
employees to be domiciliaries of the City of Niagara Falls. Supreme
Court properly granted the petition.

As we set forth in *Matter of Gigliotti v Bianco* (82 AD3d 1636),
it is well established that "domicile means living in [a] locality
with intent to make it a fixed and permanent home" (*Matter of Newcomb*,
192 NY 238, 250). Further, "[a]n existing domicile . . . continues
until a new one is acquired, and a party . . . alleging a change in
domicile has the burden to prove the change by clear and convincing
evidence" (*Matter of Hosley v Curry*, 85 NY2d 447, 451, *rearg denied* 85
NY2d 1033; *see Matter of Larkin v Herbert*, 185 AD2d 607, 608). "For a
change to a new domicile to be effected, there must be a union of

residence in fact and an 'absolute and fixed intention' to abandon the former and make the new locality a fixed and permanent home" (*Hosley*, 85 NY2d at 451).

Here, the evidence presented to respondent Niagara Falls Board of Education established that petitioner owned properties in Niagara Falls and Lewiston, New York. He resided, however, in Niagara Falls. Petitioner's vehicle was registered in Niagara Falls, he paid utility bills for his residence there, he had a driver's license listing that address and he was registered to vote in Niagara Falls. Petitioner's wife lived at the couple's Lewiston residence, and the surveillance conducted by respondents on five separate occasions during a three-month period indicated that petitioner spent two nights at the Lewiston residence. We conclude, however, that the evidence obtained by that surveillance and the fact that petitioner owns multiple properties does not establish that petitioner evinces a "present, definite and honest purpose to give up the old and take up the new place as [his] domicile" (*Newcomb*, 192 NY at 251; *see Hosley*, 85 NY2d at 452). We thus conclude that the determination that petitioner changed his domicile from Niagara Falls to Lewiston was arbitrary and capricious (*see Gigliotti*, 82 AD3d 1636).

In addition, as in *Gigliotti*, this proceeding does not involve a substantial evidence issue requiring transfer to this Court (*see* CPLR 7803 [4]; 7804 [g]). A substantial evidence issue " 'arises only where a quasi-judicial hearing has been held and evidence taken pursuant to *law*' " (*Matter of Bonded Concrete v Town Bd. of Town of Rotterdam*, 176 AD2d 1137, 1137-1138 [emphasis added]). Here, the District did not conduct a hearing before terminating petitioner's employment, nor was such a hearing "required by statute or law" (*Matter of Colton v Berman*, 21 NY2d 322, 329).

Finally, we reject respondents' further contention that the court erred in awarding petitioner costs and disbursements (*see* CPLR 8101; 8301 [a]; *see generally Matter of Birnbaum v Birnbaum*, 157 AD2d 177, 191-192).

Entered: June 10, 2011

Patricia L. Morgan
Clerk of the Court