■ In the Matter of KARRI BECK-NICHOLS, Petitioner, v CYNTHIA A. BIANCO, Superintendent, Schools of City School District, City of Niagara Falls, et al., Respondents. [932 NYS2d 606]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination terminating her employment as a production control manager with respondent School District of Niagara Falls (District) based on her failure to comply with the District's residency policy. Pursuant to that policy, District employees must be domiciliaries of the City of Niagara Falls. We conclude that the determination must be annulled and the petition granted.

We note at the outset that Supreme Court improperly transferred the proceeding to this Court. The transfer of a CPLR article 78 proceeding to the Appellate Division is permitted only when there is an issue whether a determination is "supported by substantial evidence" (CPLR 7803 [4]; *see* 7804 [g]). We have previously determined that the residency policy termination procedure at issue in this case "does not involve a substantial evidence issue requiring transfer to this Court" (*Matter of Krajkowski v Bianco*, 85 AD3d 1577, 1578 [2011]; *see Matter of Gigliotti v Bianco*, 82 AD3d 1636, 1638 [2011]). Nevertheless, we exercise our discretion to reach the merits of the petition "in the interest of judicial economy" (*Matter of Femia v Administrative Appeals Bd. of N.Y. State Dept. of Motor Vehs.*, 42 AD3d 951, 951 [2007]).

As we set forth in *Krajkowski* (85 AD3d 1577) and *Gigliotti* (82 AD3d at 1637), it is well established that "domicile means living in [a] locality with intent to make it a fixed and permanent home" (*Matter of Newcomb*, 192 NY 238, 250 [1908]). Further, "[a]n existing domicile . . . continues until a new one is acquired, and a party . . . alleging a change in domicile has the burden to prove the change by clear and convincing evidence" (*Matter of Hosley v Curry*, 85 NY2d 447, 451 [1995], *rearg denied* 85 NY2d 1033 [1995]; *see Matter of Larkin v Herbert*, 185 AD2d 607, 608 [1992]). "For a change to a new domicile to be effected, there must be a union of residence in fact and an 'absolute and fixed intention' to abandon the former and make the new locality a fixed and permanent home" (*Hosley*, 85 NY2d at 451, quoting *Newcomb*, 192 NY at 251).

Here, it is undisputed that petitioner was domiciled in Niagara Falls when she became a District employee in 1994. According to respondents, however, petitioner changed her domicile to Lewiston, New York at some point after she and her husband acquired property there in 2001. The evidence presented to respondent Niagara Falls Board of Education established that, at

the time of the determination, petitioner owned properties in Niagara Falls and Lewiston. Although petitioner's husband and children lived full-time at the Lewiston home, petitioner averred that she lived at the Niagara Falls home. Respondents' surveillance indicated that petitioner split her time between Niagara Falls and Lewiston, spending the night at the Niagara Falls home on the majority of nights preceding her work days. Petitioner used her Niagara Falls address for her New York State driver's license and to register to vote, and she offered documentary proof that she pays utilities in her name at the Niagara Falls home and has a home equity line of credit on that home.

Although the surveillance established that petitioner owns multiple properties and has dual residency in Niagara Falls and Lewiston, it is well established that an individual may have dual residency without necessarily effecting a change in his or her domicile (*see Newcomb*, 192 NY at 250). In addition, petitioner was free to have a domicile different than that of her husband (*see generally* Domestic Relations Law § 61). We conclude that the evidence failed to establish that petitioner evinced "a present, definite and honest purpose to give up the old and take up the new place as [her] domicile" (*Newcomb*, 192 NY at 251; *see Hosley*, 85 NY2d at 452). Thus, respondents' determination that petitioner changed her domicile from Niagara Falls to Lewiston was arbitrary and capricious (*see Krajkowski*, 85 AD3d at 1578; *Gigliotti*, 82 AD3d at 1637-1638). Present—Smith, J.P., Carni, Lindley, Sconiers and Martoche, JJ.