# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1081

TP 11-00935

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF KARRI BECK-NICHOLS, PETITIONER,

V                                                      MEMORANDUM AND ORDER

CYNTHIA A. BIANCO, SUPERINTENDENT, SCHOOLS OF
CITY SCHOOL DISTRICT, CITY OF NIAGARA FALLS,
RUSSELL PETROZZI, PRESIDENT, NIAGARA FALLS BOARD
OF EDUCATION, NIAGARA FALLS BOARD OF EDUCATION,
AND SCHOOL DISTRICT OF NIAGARA FALLS, RESPONDENTS.

---

REDEN & O'DONNELL, LLP, BUFFALO (TERRY M. SUGRUE OF COUNSEL), FOR
PETITIONER.

HURWITZ & FINE, P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR
RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Frank A. Sedita, Jr., J.], entered July 8, 2010) to review a determination of respondents. The determination, among other things, terminated petitioner's employment with the School District of Niagara Falls.

It is hereby ORDERED that the determination so appealed from is unanimously annulled on the law without costs and the petition is granted.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination terminating her employment as a production control manager with respondent School District of Niagara Falls (District) based on her failure to comply with the District's residency policy. Pursuant to that policy, District employees must be domiciliaries of the City of Niagara Falls. We conclude that the determination must be annulled and the petition granted.

We note at the outset that Supreme Court improperly transferred the proceeding to this Court. The transfer of a CPLR article 78 proceeding to the Appellate Division is permitted only when there is an issue whether a determination is "supported by substantial evidence" (CPLR 7803 [4]; *see* CPLR 7804 [g]). We have previously determined that the residency policy termination procedure at issue in this case "does not involve a substantial evidence issue requiring transfer to this Court" (*Matter of Krajkowski v Bianco*, 85 AD3d 1577,

1578; *see Matter of Gigliotti v Bianco*, 82 AD3d 1636, 1638).
Nevertheless, we exercise our discretion to reach the merits of the
petition "in the interest of judicial economy" (*Matter of Femia v
Administrative Appeals Bd. of N.Y. State Dept. of Motor Vehs.*, 42 AD3d
951, 951).

As we set forth in *Krajkowski* (85 AD3d 1577) and *Gigliotti* (82
AD3d at 1637), it is well established that "domicile means living in
[a] locality with intent to make it a fixed and permanent home"
(*Matter of Newcomb*, 192 NY 238, 250).  Further, "[a]n existing
domicile . . . continues until a new one is acquired, and a party . .
. alleging a change in domicile has the burden to prove the change by
clear and convincing evidence" (*Matter of Hosley v Curry*, 85 NY2d 447,
451, *rearg denied* 85 NY2d 1033; *see Matter of Larkin v Herbert*, 185
AD2d 607, 608).  "For a change to a new domicile to be effected, there
must be a union of residence in fact and an 'absolute and fixed
intention' to abandon the former and make the new locality a fixed and
permanent home" (*Hosley*, 85 NY2d at 451, quoting *Newcomb*, 192 NY at
251).

Here, it is undisputed that petitioner was domiciled in Niagara
Falls when she became a District employee in 1994.  According to
respondents, however, petitioner changed her domicile to Lewiston, New
York at some point after she and her husband acquired property there
in 2001.  The evidence presented to respondent Niagara Falls Board of
Education established that, at the time of the determination,
petitioner owned properties in Niagara Falls and Lewiston.  Although
petitioner's husband and children lived full-time at the Lewiston
home, petitioner averred that she lived at the Niagara Falls home.
Respondents' surveillance indicated that petitioner split her time
between Niagara Falls and Lewiston, spending the night at the Niagara
Falls home on the majority of nights preceding her work days.
Petitioner used her Niagara Falls address for her New York State
driver's license and to register to vote, and she offered documentary
proof that she pays utilities in her name at the Niagara Falls home
and has a home equity line of credit on that home.

Although the surveillance established that petitioner owns
multiple properties and has dual residency in Niagara Falls and
Lewiston, it is well established that an individual may have dual
residency without necessarily effecting a change in his or her
domicile (*see Newcomb*, 192 NY at 250).  In addition, petitioner was
free to have a domicile different than that of her husband (*see
generally* Domestic Relations Law § 61).  We conclude that the evidence
failed to establish that petitioner evinced "a present, definite and
honest purpose to give up the old and take up the new place as [her]
domicile" (*Newcomb*, 192 NY at 251; *see Hosley*, 85 NY2d at 452).  Thus,
respondents' determination that petitioner changed her domicile from
Niagara Falls to Lewiston was arbitrary and capricious (*see
Krajkowski*, 85 AD3d at 1578; *Gigliotti*, 82 AD3d at 1637-1638).

Entered:  November 10, 2011                        Patricia L. Morgan
                                                   Clerk of the Court