# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**34**

**CA 11-01545**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF ROXANNE ADRIAN,
PETITIONER-RESPONDENT-APPELLANT,

V                                          MEMORANDUM AND ORDER

BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF
CITY OF NIAGARA FALLS AND CYNTHIA A. BIANCO,
IN HER CAPACITY AS SUPERINTENDENT OF SCHOOLS,
RESPONDENTS-APPELLANTS-RESPONDENTS.

---

HURWITZ & FINE, P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR
RESPONDENTS-APPELLANTS-RESPONDENTS.

RICHARD E. CASAGRANDE, LATHAM (ANTHONY J. BROCK OF COUNSEL), FOR
PETITIONER-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from a judgment (denominated decision and
order) of the Supreme Court, Niagara County (Ralph A. Boniello, III,
J.), entered October 5, 2010 in a proceeding pursuant to CPLR article
78. The judgment, among other things, directed respondents to
reinstate petitioner to her tenured position.

It is hereby ORDERED that said cross appeal is unanimously
dismissed, the judgment is reversed on the law without costs and the
petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking, inter alia, to annul the determination terminating her
employment with the City School District of City of Niagara Falls
(District) based on her failure to comply with the District's
residency policy, which requires District employees to be
domiciliaries of the City of Niagara Falls. We agree with respondents
on appeal that Supreme Court erred in granting the petition.

It is well established that a "domicile means living in [a]
locality with intent to make it a fixed and permanent home" (*Matter of
Newcomb*, 192 NY 238, 250; *see Matter of Beck-Nichols v Bianco*, 89 AD3d
1405). The evidence presented to respondent Board of Education of the
District (Board) was sufficient to establish that petitioner was not a
domiciliary of the City. Although the record contains some support
for petitioner's contention that she was domiciled in Niagara Falls,
the determination of the Board that petitioner was actually domiciled
in Williamsville was not arbitrary and capricious, and it therefore
should not have been disturbed (*see generally Matter of Pell v Board
of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale &*

*Mamaroneck, Westchester County*, 34 NY2d 222, 230-231).  Petitioner maintained a phone line at the Williamsville residence but not at the Niagara Falls residence, and records from the Department of Motor Vehicles indicated that she lived at the Williamsville address.  In addition, a surveillance company observed petitioner on six separate occasions, during different time periods, and found that she never went to the Niagara Falls residence and always left from and returned to the Williamsville residence.  Although petitioner presented some evidence demonstrating that the Niagara Falls residence may have been her domicile, e.g., her voter registration card, rent payment receipts, driver's license and cable statements, that evidence was not so overwhelming as to support the court's determination granting the petition (*see generally id.*).

Finally, petitioner's cross appeal must be dismissed because she is not aggrieved by the judgment on appeal, which granted the ultimate relief sought in the petition (*see generally Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488).  To the extent that petitioner contends as an alternative ground for affirmance that the District improperly failed to conduct a hearing before terminating her (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), we reject that contention inasmuch as such a hearing was not required by law (*see Matter of O'Connor v Board of Educ. of City School Dist. of City of Niagara Falls*, 48 AD3d 1254, *lv dismissed* 10 NY3d 928).

Entered:  February 17, 2012                    Frances E. Cafarell
                                               Clerk of the Court