# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**347**
**CA 11-01231**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF JAMES D. PECK,
PETITIONER-PLAINTIFF-APPELLANT,

        V                        MEMORANDUM AND ORDER

TOWN BOARD OF TOWN OF AMHERST,
RESPONDENT-DEFENDANT-RESPONDENT,
ET AL., RESPONDENT-DEFENDANT.

---

TRONOLONE & SURGALLA, P.C., BUFFALO (GERARD A. STRAUSS OF COUNSEL),
FOR PETITIONER-PLAINTIFF-APPELLANT.

E. THOMAS JONES, TOWN ATTORNEY, WILLIAMSVILLE (PATRICK M. KELLY OF
COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated decision and order) of the
Supreme Court, Erie County (Patrick H. NeMoyer, J.), dated May 24,
2010 in a CPLR article 78 proceeding and a declaratory judgment
action. The judgment dismissed the petition/complaint.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner-plaintiff (petitioner) commenced this
hybrid CPLR article 78 proceeding and declaratory judgment action
seeking, inter alia, to annul the determination of respondent-
defendant Town Board of Town of Amherst (Board) to terminate his
employment with the Town of Amherst (Town) based on his failure to
satisfy the residency requirements set forth in Chapter 45 of the Code
of the Town of Amherst (Town Code). Pursuant to Town Code § 45-3,
"any person who enters Town service . . . shall be a resident of the
Town on the date that the employee enters Town service and shall
thereafter maintain residence in the Town as a condition of employment
. . . Failure to establish or maintain Town residence as required by
this section shall constitute a forfeiture of employment . . . ." The
Town Code defines "[r]esidence" as "[d]omicile" and "[r]esident" as
"[d]omiciliary" (§ 45-2).

The first cause of action alleged that the Board's determination
was arbitrary and capricious, and the third cause of action alleged
that the Board failed to make findings of fact in support of its
determination. Supreme Court, inter alia, dismissed various causes of
action "and/or" declared that they were without merit and, with
respect to the first and third causes of action, held the case in

abeyance and remitted the matter to the Board "for a fuller explication of its rationale for determining that petitioner" failed to satisfy the residency requirements. The Town thereafter invited petitioner to appear before the Board and present evidence of his domicile within the Town, but neither petitioner nor his attorney appeared at that meeting. Petitioner's attorney subsequently submitted documentary evidence that allegedly established petitioner's domicile in the Town. Upon receipt of the amplified findings of fact made by the Board, the court dismissed the remaining causes of action, determining that the Board's determination was not arbitrary and capricious.

Petitioner contends that the court erred in remitting the matter to the Board for further findings of fact. According to petitioner, the court was instead required to annul the determination when it concluded that the Board failed to make sufficient findings of fact. We reject that contention (*see e.g. Matter of Snyder Dev. Co. v Town of Amherst Town Bd.*, 2 AD3d 1383, 1384; *Matter of Baker v Town of Mt. Pleasant*, 92 AD2d 611). Petitioner was not prejudiced by the remittal inasmuch as, in doing so, the court effectively extended the date for him to establish a domicile in the Town. The remittal also afforded petitioner another opportunity to answer questions from the Board concerning his claim that he was domiciled within the Town and to submit additional evidence in support of that claim.

We further conclude that the Board's determination that petitioner was not domiciled within the Town was not arbitrary and capricious. "An existing domicile, whether of origin or selection, continues until a new one is acquired, and a party, [such] as petitioner here, alleging a change in domicile has the burden to prove the change by clear and convincing evidence" (*Matter of Hosley v Curry*, 85 NY2d 447, 451, *rearg denied* 85 NY2d 1033). "For a change to a new domicile to be effected, there must be a union of residence in fact and an 'absolute and fixed intention' to abandon the former and make the new locality a fixed and permanent home" (*id.*, quoting *Matter of Newcomb*, 192 NY 238, 251; *see Matter of Johnson v Town of Amherst*, 74 AD3d 1896, 1897, *lv denied* 15 NY3d 712).

Here, it is undisputed that petitioner was not domiciled in the Town when he was hired, nor was he domiciled there for at least two years after that time. The Town granted petitioner two six-month extensions to meet the residency requirements, but it denied his requests for further extensions. When the Town indicated that it intended to enforce the residency requirements against him, petitioner asserted that he had established domicile by renting a room in a house located within the Town. Petitioner, however, had previously acknowledged that renting that room would not satisfy the Town's residency requirements. In any event, the documentary evidence submitted to the Board by petitioner failed to establish that he had changed his domicile to the Town. After the matter was remitted to the Board for further findings of fact, the Board invited petitioner to its next meeting and requested that he submit certain evidence establishing his residency, including a copy of the lease for the room he was renting in the Town, a letter from his landlord describing the

premises and the portion rented to petitioner, any utility bills indicating his new address, and interior and exterior photographs of the premises and his living quarters.  Petitioner failed to submit any of the requested evidence and, as noted, he did not appear at the Board meeting.

Petitioner places great emphasis on the facts that he informed the Town that he instructed his bankruptcy attorney to assist him in surrendering his home in the City of Buffalo to his creditors, and that he thereafter informed the Town that he was "losing" his home to creditors.  According to petitioner, those facts demonstrate that he intended to make the single room that he rented in a house in the Town his domicile.  There is no evidence in the record, however, supporting petitioner's assertions that he was in the process of losing his home in Buffalo to creditors.  Indeed, petitioner failed to submit any such evidence to the Board when the matter was remitted and he was given the opportunity to provide any "documentation relevant" to his residency within the Town.  In any event, the mere fact that petitioner may have been losing his home in Buffalo did not standing alone establish that his domicile was in the Town.

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court