# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**424**

**CA 12-01336**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF ANGEL ALEXIS,
PETITIONER-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

CITY OF NIAGARA FALLS AND DONNA OWENS, CITY
ADMINISTRATOR, RESPONDENTS-APPELLANTS.

---

CRAIG H. JOHNSON, CORPORATION COUNSEL, NIAGARA FALLS (CHRISTOPHER M. MAZUR OF COUNSEL), FOR RESPONDENTS-APPELLANTS.

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (E. JOSEPH GIROUX, JR., OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Catherine Nugent Panepinto, J.), entered March 29, 2012 in a CPLR article 78 proceeding. The judgment granted the petition and directed the reinstatement of petitioner to employment.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination terminating her employment with the City of Niagara Falls (City) based on her failure to comply with the City's residency requirement, which requires City employees to reside in the City. We agree with respondents that Supreme Court erred in granting the petition.

As the Court of Appeals wrote in *Matter of Beck-Nichols v Bianco* (___ NY3d ___, ___ [Feb. 19, 2013]), which involved the Niagara Falls City School District's residency requirement, "the proper standard for judicial review in these cases is whether the . . . determination was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]). This standard is, of course, an extremely deferential one:  The courts cannot interfere [with an administrative tribunal's exercise of discretion] unless there is *no rational basis* for [its] exercise . . . or the action complained of is arbitrary and capricious, [a test which] chiefly relates to whether a particular action should have been taken or is justified . . . and whether the administrative action is *without foundation in fact*" (internal quotation marks omitted). We conclude that the City's determination that petitioner failed to maintain "residency" in the City as that term is defined by Local Law No. 7

(1984) (hereafter, Local Law No. 7) was neither "arbitrary and capricious [n]or an abuse of discretion," based upon the documentary and testimonial evidence before it (*id.* at ___; *see* CPLR 7803 [3]; *Matter of Adrian v Board of Educ. of City Sch. Dist. of City of Niagara Falls*, 92 AD3d 1272, 1272, *affd sub nom. Beck-Nichols*, ___ NY3d ___).

Local Law No. 7 requires City employees to establish and maintain residency within the City throughout the term of their employment (*see* Local Law No. 7 § 3). As amended, the law defines "residency" as "the *actual principal place of residence* of an individual, where he or she normally sleeps; normally maintains personal and household effects; the place listed as an address on voter registration; and the place listed as his or her address for driver's license and motor vehicle registration, if any" (Local Law No. 7 § 2 [emphasis added]). That definition is akin to, if not synonymous with, the legal concept of "domicile," i.e., "living in [a] locality with intent to make it a fixed and permanent home" (*Matter of Newcomb*, 192 NY 238, 250; *see Beck-Nichols*, ___ NY3d at ___).

We conclude that the evidence presented to respondents was sufficient to establish that petitioner's "actual principal place of residence" was in the Town of Niagara (Niagara), outside the City limits (Local Law No. 7 § 2; *see Adrian*, 92 AD3d at 1272-1273). Petitioner and her husband bought the Niagara residence in August 2004, at the same time that they allegedly separated and petitioner moved to a City address. An investigative report indicated that petitioner resided at the Niagara residence, the address of the Niagara residence is listed on petitioner's joint tax return with her husband, and petitioner's signature appeared on a recent mortgage application for the Niagara residence. Further, petitioner's husband and children reside at the Niagara residence, and the children attend school in the Niagara-Wheatfield School District (*see Beck-Nichols*, ___ NY3d at ___). In addition, a surveillance company observed petitioner on multiple occasions driving to work from the Niagara residence early in the morning and driving from work to the Niagara residence at the end of the work day, whereupon she would retrieve the mail and park in the garage.

Although petitioner testified that she resided at the City address and that address is listed on various documents, including voter registration records and her driver's license, we conclude that such "evidence was not so overwhelming as to support the court's determination granting the petition" (*Adrian*, 92 AD3d at 1273). Rather, under the "extremely deferential standard" of review applicable to this case (*Beck-Nichols*, ___ NY3d at ___), we conclude that the City's determination that petitioner principally resides outside the City is not "*without foundation in fact*" (*id.* at ___ [internal quotation marks omitted]), and thus that the City "rationally concluded that [petitioner] did not comply with the residency policy" (*id.* at ___; *see generally Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 194, *cert denied* 454 US 1125).

Entered: May 3, 2013                                        Frances E. Cafarell
                                                           Clerk of the Court