# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1348**
**CA 14-00964**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

ALBERT G. FRACCOLA, JR., INDIVIDUALLY AND AS
50% SHAREHOLDER, OFFICER AND DIRECTOR OF 1ST
CHOICE REALTY, INC., PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

1ST CHOICE REALTY, INC., PHYLLIS FRACCOLA,
INDIVIDUALLY AND AS 50% SHAREHOLDER, OFFICER
AND DIRECTOR OF 1ST CHOICE REALTY, INC.,
PHYLLIS FRACCOLA AS SHAREHOLDER OF HYDRANIA,
INC., DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

ALBERT G. FRACCOLA, JR., PLAINTIFF-APPELLANT PRO SE.

FELT EVANS, LLP, CLINTON (JAY G. WILLIAMS, III, OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order and judgment (denominated order) of the
Supreme Court, Oneida County (Samuel D. Hester, J.), entered February
25, 2014. The order and judgment denied the motion of plaintiff to
vacate an order dated July 28, 2005, and sanctioned plaintiff for
frivolous conduct.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by vacating the second, third and
fourth ordering paragraphs, and as modified the order and judgment is
affirmed without costs, and the matter is remitted to Supreme Court,
Oneida County, for further proceedings in accordance with the
following Memorandum: Plaintiff appeals from an order and judgment
that, inter alia, denied his motion pursuant to CPLR 5015 (a) (4) to
vacate a prior order and imposed sanctions in the form of costs and
attorney's fees. We conclude that plaintiff's challenge to the
validity of the prior order on the ground that Supreme Court lacked
subject matter jurisdiction is barred by the doctrines of collateral
estoppel and res judicata because that issue has previously been fully
litigated and determined to be without merit (*see generally Zayatz v
Collins*, 48 AD3d 1287, 1289-1290; *Tuper v Tuper*, 34 AD3d 1280, 1282).
We further conclude, however, that the court erred in failing to
comply with 22 NYCRR 130-1.2 inasmuch as it failed to set forth in a
written decision "the conduct on which . . . the imposition [of
sanctions] is based, the reasons why the court found the conduct to be
frivolous, and the reasons why the court found the amount . . .
imposed to be appropriate" (*see Ikeda v Tedesco*, 70 AD3d 1498, 1499).

We therefore modify the order and judgment by vacating the award of costs and attorney's fees, and we remit the matter to Supreme Court for compliance with 22 NYCRR 130-1.2.

Entered:  January 2, 2015                        Frances E. Cafarell
                                                 Clerk of the Court